## 33644. TRAYLOR v. DEMOCRATIC PARTY OF GEORGIA et al.

HALL, Justice.

Appellant State Senator Mell Traylor, wishing to run for election in the 1978 Democratic primary for the office of Lieutenant Governor, brought suit in Fulton County Superior Court seeking a declaratory judgment that Georgia's constitutional provision (Art. V, Sec. I, Par. VII (Code Ann. § 2-2707)) requiring the Lieutenant Governor to have attained the age of 30 when he assumes office, is unconstitutional. Appellant will not be 30 until August 13, 1979, after the next term begins. The trial court upheld the age requirement and this appeal followed. The Attorney General has intervened because a provision of the Georgia Constitution has been attacked under the equal protection and due process clauses of the Federal Constitution.

1. The appropriate test for this constitutional provision under the equal protection clause is whether there is any rational relationship between the age set (30 years) and the legitimate state interest thereby sought to

be furthered. See Dandridge v. Williams (397 U. S. 471, 90 SC 1153, 25 LE2d 491 (1970)). Appellant conceded on oral argument that this is the test, and he concedes that an age requirement of some sort would be appropriate. What he contests is the age of 30.

To state the test is to answer the question. Under Art. V, Sec. I, Par. VIII of the Georgia Constitution of 1976 (Code Ann. § 2-2708) the Lieutenant Governor shall exercise until the next general election the executive power vested in the Governor should the latter become disabled. Therefore, he acts as Governor for some period, and it becomes irrelevant to our issue that the Lieutenant Governor does not "succeed" the Governor for the entire remaining term for which the latter was elected.

The duties and powers of the Governor enumerated in Art. V, Sec. II of our Constitution are great, and include the power to suspend executions, to convene the General Assembly, to appoint persons to fill vacant state offices, to veto legislation, and to serve as "commander-in-chief of the Army and Navy of this State, and of the militia thereof." See Code Ann. § § 2-2801 through 2-2808.

Appellant raises no challenge to the requirement that the Governor shall be 30, and in light of the fact that the Lieutenant Governor may be called upon to exercise the powers of that office, a similar maturity requirement for him is eminently reasonable.

In light of the foregoing considerations, the mere fact that other state officers, such as the Attorney General, may serve upon reaching 25, does not render the instant age requirement a violation of equal protection to candidates for the lieutenant governorship.

2. The fact that an under-30 candidate may not run for Lieutenant Governor does not deny the First Amendment right of association to those voters who might wish to "associate" with such a candidate by voting for him. Appellant's argument to this effect is strained, and the cases he cites, Kusper v. Pontikes, 414 U. S. 51, 57 (94 SC 303, 38 LE2d 260) (1973) and Shelton v. Tucker, 364 U. S. 479, 486 (81 SC 247, 5 LE2d 231) (1960) do not support him.

The trial court did not err in upholding the constitutional requirement that the Lieutenant Governor

must have attained the age of 30 when he assumes office.
*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1978 — DECIDED
JUNE 27, 1978.

*Jones, Osteen & Jones, Billy N. Jones,* for appellant.
*Jones, Bird & Howell, Robert Walling, Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Staff Assistant Attorney General,* for appellees.

*Judgment affirmed. All the Justices concur.*